1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT
9                   FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11   PHILLIP MENDOZA,                        No. CIV S-08-3067-FCD-CMK-P
12            Petitioner,
13        vs.                                FINDINGS AND RECOMMENDATIONS
14   D.K. SISTO,
15            Respondent.
16   _____/
17            Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of
18   habeas corpus pursuant to 28 U.S.C. § 2254 challenging the denial of parole in 2007.  Pending
19   before the court are petitioner's petition (Doc. 1), respondent's answer (Doc. 11), and petitioner's
20   reply (Doc. 12).
21   / / /
22   / / /
23   / / /
24   / / /
25   / / /
26   / / /

Reversing the Ninth Circuit's decision in <u>Hayward v. Marshall</u>, 603 F.3d 546 (9th Cir. 2010) (en banc), the United States Supreme Court recently observed:

> Whatever liberty interest exists [in parole] is, of course, a *state* interest. There is no right under the Federal Constitution to be conditionally released [on parole] before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners. <u>Id.</u> at 7. When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication – and federal courts will review the application of those constitutionally required procedures. . . .
>
> <u>Swarthout v. Cooke</u>, 562 U.S. ___, 2011 WL 197627, at *2 (Jan. 24, 2011) (per curiam) (citing <u>Greenholtz v. Inmates of Neb. Penal and Correctional Complex</u>, 442 U.S. 1, 7 (1979)) (emphasis in original).

The Court held:

> . . . In the context of parole, we have held that the procedures required are minimal. In <u>Greenholtz</u>, we found that a prisoner subject to a parole statute similar to California's received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied. 442 U.S. at 16. "The Constitution," we held, "does not require more." <u>Ibid.</u> Cooke and Clay received at least this amount of process: They were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied. (citations omitted).
> That should have been the beginning and the end of the federal habeas courts' inquiry into whether Cook and Clay received due process. . . .
>
> <u>Id.</u>

The Court added that "[n]o opinion of ours supports converting California's 'some evidence' rule into a substantive federal requirement" and ". . . it is no federal concern . . . whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied" because "a 'mere error of state law' is not a denial of due process." <u>Id.</u> (citing <u>Engle v. Isaac</u>, 456 U.S. 107, 121, n.21 (1982)). Thus, in cases challenging the denial of parole, the only issue subject to federal habeas review is whether the inmate received the procedural due process protections of notice and an opportunity to be heard. There is no other clearly established federal constitutional right in the context of parole.

/ / /

1    In this case, petitioner claims that his federal due process rights were violated
2 because the denial of parole was not based on "some evidence."  As discussed above, it is not the
3 place of the federal court to rule on how California's "some evidence" parole standard has been
4 applied except to inquire as to the basic procedural guarantees.  To the extent petitioner claims
5 that he was denied procedural protections required by the federal constitution, the record clearly
6 establishes that petitioner was provided with the basic Greenholtz protections of notice and an
7 opportunity to be heard.  Because the federal constitution requires nothing more in the parole
8 context, the petition must be denied.

9    Based on the foregoing, the undersigned recommends that petitioner's petition for
10 a writ of habeas corpus (Doc. 1) be denied.

11    These findings and recommendations are submitted to the United States District
12 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days
13 after being served with these findings and recommendations, any party may file written
14 objections with the court.  Responses to objections shall be filed within 14 days after service of
15 objections.  Failure to file objections within the specified time may waive the right to appeal.
16 See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 7, 2011

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE